**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 8 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

EFREN BRACAMONTE,

     Defendant - Appellant.

No. 99-2101
(D.C. No. CR-90-349-JP)
(D.N.M.)

---

ORDER AND JUDGMENT[*]

---

Before KELLY, MURPHY, and COOK[**], Circuit Judges.[***]

---

Mr. Bracamonte was convicted of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). He was sentenced to the mandatory minimum term of ten years imprisonment to be followed by eight years of supervised

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable H. Dale Cook, Senior District Judge, United States District Court of the Northern District of Oklahoma, sitting by designation.

[***] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

release.  The mandatory minimum was imposed based on an enhancement for a prior felony drug-trafficking conviction in Arizona.  Mr. Bracamonte appeals, claiming that the district court committed clear error by finding beyond a reasonable doubt that he was provided with an enhancement information prior to trial.  Title 21 U.S.C. § 851(a)(1) requires that such information be provided to defendant or his counsel prior to trial if the district court is to have jurisdiction to enhance the sentence.  Mr. Bracamonte also claims the district court committed clear error by finding him to be a minor participant, rather than a minimal participant.  Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We affirm.

At his initial sentencing hearing, Mr. Bracamonte contended that neither he nor his attorney had been served with a copy of the government's enhancement information prior to trial.  The district court held a hearing on this matter prior to imposing sentence.  At this hearing, Mr. Bracamonte's trial counsel testified that he had received the enhancement information prior to trial, but could not remember the date.  At a previous hearing an assistant U.S. attorney  testified that she had no doubt in her mind that she served the information on Mr. Bracamonte's counsel prior to trial, though she could not remember the exact

date either. [1]

Based upon the uncontroverted evidence, the district court found that Mr. Bracamonte's trial counsel had received a copy of the enhancement information before trial. The district court noted on the record that Mr. Bracamonte's cross-examination of trial counsel generated nothing to call the testimony of trial counsel into question. We review factual findings supporting a sentencing decision for clear error, and we will not disturb such findings if there is any basis in the record. See United States v. Martin, 163 F.3d 1212, 1217 (10th Cir. 1998), cert. denied __ U.S. __, 119 S.Ct. 1791 (1999). Further, we have consistently stated that "[t]he credibility of a witness whose testimony is relied upon at sentencing is for the sentencing court to analyze." United States v. Ivy, 83 F.3d 1266, 1289 (10th Cir. 1996) (citation omitted).

On this record, the district court's findings cannot be clearly erroneous. Thus, the enhanced sentence is valid. Because the enhanced sentence is a mandatory minimum, which overrides a lesser guideline sentence, we need not reach the question of whether Mr. Bracamonte was a minimal rather than a minor participant. AFFIRMED.

---

[1] The confusion over the date of service is explained by the fact that the trial took place in 1991 and the initial sentencing hearing did not take place until 1996. On the second day of trial, Mr. Bracamonte failed to appear. He was convicted in abstentia and was arrested on a bench warrant in 1995.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge